UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In Re: Michael J. Hurley                                              **MEMORANDUM & ORDER**
                                                                              25-CV-03431 (DG)


----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

    *Pro se* Appellant Michael J. Hurley appeals from the October 25, 2024 Order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), which Order dismissed the bankruptcy case of *In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.). *See* ECF No. 1; *see also In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF Nos. 71, 80.

    For the reasons set forth below, the instant appeal is dismissed for lack of jurisdiction.

## BACKGROUND[1]

    On June 18, 2025, Appellant filed a Notice of Appeal in the Bankruptcy Court, appealing from the Bankruptcy Court's October 25, 2024 Order Dismissing Case. *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF Nos. 71 (Order Dismissing Case), 80 (Notice of Appeal). Thereafter, Appellant's Notice of Appeal was transmitted to this Court. *See* ECF No. 1.

    By Order to Show Cause dated August 4, 2025, the Court directed Appellant to show cause as to why this appeal should not be dismissed for lack of jurisdiction in light of the fact that the Order being appealed was entered on October 25, 2024 and the Notice of Appeal was not filed until June 18, 2025. *See* August 4, 2025 Order to Show Cause (setting forth that, with certain exceptions that did not appear to be relevant, a notice of appeal must be filed within 14 days after entry of the judgment, order, or decree being appealed and that in the absence of a

---

[1] Familiarity with the procedural history and background of this case – including with the Bankruptcy Court proceedings – is assumed herein.

timely notice of appeal, the district court is without jurisdiction to consider the appeal, and referencing Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, *In re Coudert Bros. LLP*, 673 F.3d 180, 185 (2d Cir. 2012), *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005), and *In re Sterling*, 690 F. App'x 747, 747 (2d Cir. 2017)).

Appellant responded to the Order to Show Cause by letter filed on August 18, 2025, arguing that the appeal should not be dismissed for lack of jurisdiction. *See* ECF No. 6.[2] Appellee thereafter filed a letter arguing that the Court lacks jurisdiction to hear the appeal because the Notice of Appeal was not timely filed, noting, *inter alia*, that Appellant "does not demonstrate any permissible exception to not timely filing a Notice of Appeal." *See* ECF No. 7.

## DISCUSSION

As set forth below, Appellant's appeal is untimely and therefore the Court lacks jurisdiction to consider the appeal and the appeal must be dismissed.

**I.     Applicable Law**

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. *See* 28 U.S.C. § 158(a)(1). An appeal to the district court must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules." *See* 28 U.S.C. § 158(c)(2). As relevant here, Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." *See* Fed. R. Bankr. P. 8002(a)(1).

The United States Court of Appeals for the Second Circuit has held "that the time limit

---

[2] The Court liberally construes Appellant's filings in light of his *pro se* status. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *See In re Siemon*, 421 F.3d at 169; *see also In re Coudert Bros. LLP*, 673 F.3d at 185. Because the time limit contained in Rule 8002(a) is jurisdictional, it is strictly enforced, even when applied to cases involving *pro se* litigants. *See, e.g.*, *In re Sterling*, 690 F. App'x at 747 (stating that "[t]he time limitations in Fed. R. Bankr. P. 8002(a) are jurisdictional, regardless of a party's *pro se* status"); *In re Amelio*, No. 20-CV-03080, 2020 WL 7028957, at *7 (S.D.N.Y. Nov. 30, 2020) (noting that "a rule that limits the jurisdiction of the court must be strictly enforced even when applied to *pro se* litigants"); *Ivers v. Ciena Cap. LLC*, No. 15-CV-07993, 2016 WL 1562943, at *1 (S.D.N.Y. Apr. 15, 2016) (stating that "district courts routinely dismiss bankruptcy appeals filed" in circumstances where "*pro se* appellants . . . file their notices of appeal close to, but nonetheless after, the deadline" and collecting cases).

Rule 8002(b)(1) of the Federal Rules of Bankruptcy Procedure ("Rule 8002(b)(1)") provides that a litigant's time for appeal can be tolled pending the disposition of certain motions – namely, motions to amend or make additional findings under Rule 7052, motions to alter or amend the judgment under Rule 9023, motions for a new trial under Rule 9023, or motions for relief under Rule 9024. *See* Fed. R. Bankr. P. 8002(b)(1); *see also Buckskin Realty, Inc. v. Greenberg*, No. 18-CV-03166, 2019 WL 4917891, at *1 (E.D.N.Y. Sept. 30, 2019), *aff'd sub nom. In re Buckskin Realty, Inc.*, 845 F. App'x 68 (2d Cir. 2021). Any such motion must be filed within the time allowed by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8002(b)(1); *see also* Fed. R. Bankr. P. 7052, 9023, 9024.

Rule 8002(d) of the Federal Rules of Bankruptcy Procedure ("Rule 8002(d)") provides

3

that under certain circumstances, "the bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed [within certain time limits]." *See* Fed. R. Bankr. P. 8002(d)(1)-(3).

## II.  Appellant's Appeal is Untimely and Must be Dismissed for Lack of Jurisdiction

Appellant's Notice of Appeal was filed in the Bankruptcy Court on June 18, 2025, which is more than 14 days after October 25, 2024, the date on which the Bankruptcy Court entered the Order dismissing the bankruptcy case – indeed, the Notice of Appeal was filed *236 days after* October 25, 2024.  And although Rule 8002(b)(1) provides that a litigant's time for appeal can be tolled pending the disposition of certain motions, *see* Fed. R. Bankr. P. 8002(b)(1), no such motions were filed.  Similarly, although Rule 8002(d) permits a bankruptcy court under certain circumstances to extend the time to file a notice of appeal upon a party's motion, *see* Fed. R. Bankr. P. 8002(d), no motion to extend was filed.  Even liberally construed, the arguments Appellant raises in support of his position that the appeal should not be dismissed for lack of jurisdiction, *see generally* ECF No. 6, are unavailing in light of the Second Circuit precedent referenced above, the applicable Federal Rules of Bankruptcy Procedure, and the record in *In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.).

Because the instant appeal was untimely filed, the Court lacks jurisdiction to consider the appeal and the appeal must be dismissed.

## CONCLUSION

For the reasons set forth above, Appellant's appeal is DISMISSED for lack of jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of

an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Appellant.

      SO ORDERED.

                                        */s/ Diane Gujarati*
                                        DIANE GUJARATI
                                        United States District Judge

Dated:  August 28, 2025
         Brooklyn, New York